UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL JOE BRADLEY,

    Plaintiff,

        v.                                   CAUSE NO. 3:22-CV-523-DRL-MGG

JOHN GALIPEAU and ROBERT
CARTER, JR.,

    Defendants.

OPINION AND ORDER

Daniel Joe Bradley, a prisoner without a lawyer, filed a complaint alleging that on two occasions part of the ceiling of his cell fell on him. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Bradley alleges he was hit in the head by falling plaster on September 4, 2021, which injured his head and eye. He alleges he was hit in the head by falling drywall on January 28, 2022, which injured head, neck and back. He sues four defendants including the Westville Correctional Facility and the Indiana Department of Correction. The two entities must be dismissed because neither are persons under 42 U.S.C. § 1983. *See Will v.*

*Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

The other two defendants, Warden John Galipeau and Commissioner Robert Carter, Jr., are persons, but the complaint does not explain why they are liable to Mr. Bradley. Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). However, a prison official only violates the Eighth Amendment if he is deliberately indifferent to conditions posing a substantial risk of serious harm. *Id.* at 834-35. Deliberate indifference is comparable to criminal recklessness and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (quotation marks and citation omitted). Prison officials are not expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991).

Mr. Bradley does not allege Warden Galipeau or Commissioner Carter had any knowledge of the condition of the ceiling that fell on him. This complaint does not state a claim against either of them. If he believes he can state a claim based on (and consistent

2

with) the events described in this complaint, Mr. Bradley may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library.

For these reasons, the court:

(1) DISMISSES Westville Correctional Facility and Indiana Department of Correction;

(2) GRANTS Daniel Joe Bradley until **January 18, 2023**, to file an amended complaint; and

(3) CAUTIONS Daniel Joe Bradley that, if he does not respond by the deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

December 8, 2022                               *s/ Damon R. Leichty*
                                               Judge, United States District Court